**UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 23-3022** |
| | ) | |
| **CHRISTOPHER MOYNIHAN** | ) | |
| | ) | |

**MOTION TO GOVERN FUTURE PROCEEDINGS AND UNOPPOSED MOTION TO CONTINUE TO HOLD APPEAL IN ABEYANCE**

Appellant Christopher Moynihan, through undersigned counsel, respectfully moves this Court to continue to hold this appeal in abeyance pending the Supreme Court's ruling in *Fischer v. United States*, No. 23-5572. Oral argument has not been scheduled. Counsel for appellee does not oppose this request.

As grounds for this motion, undersigned counsel states as follows:

1. Appellant was convicted for violations related to the events of January 6, 2021. Following a stipulated trial on the count charging a violation of 18 U.S.C. § 1512(c)(2), and a guilty plea on the remaining counts, he was sentenced to 21 months' incarceration. This appeal followed.

2. Appellant's case has been held in abeyance pending the full resolution of *United States v. Robertson*, No. 22-3062 (D.C. Cir.). That case having been resolved, on May 28, 2024, this Court instructed the parties to file motions to govern future proceedings by June 11, 2024.

3. On April 7, 2023, the D.C. Circuit decided *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), adopting a "broad interpretation" of § 1512(c)(2) that "encompass[es] all forms of obstructive acts[,]" not just those related to a "record, document, or other object" as mentioned in § 1512(c)(1). *Id.* at 337.

4. On December 13, 2023, the Supreme Court granted certiorari in *Fischer*. The question pending before the Supreme Court is as follows: "Did the D.C. Circuit err in construing 18 U.S.C. § 1512(c) ('Witness, Victim, or Informant Tampering'), which prohibits obstruction of congressional inquiries and investigations, to include acts unrelated to investigations and evidence?" *See United States v. Fischer*, No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023). Oral argument has since been held.

5. The decision in *Fischer* will likely resolve the most important legal issue in Mr. Moynihan's appeal: Whether his conduct violates 18 U.S.C. § 1512(c)(2). For these reasons, and with the consent of the government, Mr. Moynihan respectfully requests that this Court hold his appeal in abeyance pending the Supreme Court's resolution of *Fischer*.

6. Counsel for Appellee has stated that there is no objection to the granting of this motion.

WHEREFORE, Appellant respectfully requests that his motion to hold this appeal in abeyance be granted and that the parties be directed to file motions to

govern future proceedings within 30 days of the disposition of *Fischer*.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/

ROSANNA M. TAORMINA
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C. 20004
(202) 208-7500

**CERTIFICATE OF COMPLIANCE**

I HEREBY CERTIFY that the foregoing motion contains 379 words in Times New Roman 14 point font and does not exceed the word or page limit of Fed. R. App. P. 27(d)(2).

/s/

Rosanna M. Taormina
Assistant Federal Public Defender

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was electronically filed with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system on this 11th day of June, 2024.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/

Rosanna M. Taormina
Assistant Federal Public Defender